IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON BASTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2259-K-BN |
| | § | |
| PARKLAND HOSPITAL, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* employment-discrimination action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. The Court has granted Plaintiff Brandon Baston leave to proceed *in forma pauperis*, *see* Dkt. No. 6, and issued a questionnaire to screen his claims, *see* Dkt. No. 7, to which Baston has filed a verified response, *see* Dkt. No. 8.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that, because Baston's complaint as amended by his verified questionnaire responses reflects that his claims are time-barred, the Court should dismiss this action without prejudice to Baston's right to file an amended complaint within a reasonable amount of time asserting his right to equitable tolling.

**Applicable Background**

This action, in which Baston asserts that he was discriminated against by his

-1-

former employer, Defendant Parkland Hospital, *see generally* Dkt. No. 3, was filed on August 24, 2017, within 90 days from the date the Equal Employment Opportunity Commission (the "EEOC") issued its right-to-sue letter, *see id.* at 4. And, applicable to the threshold issue now before the Court – whether this Title VII action is timely under 42 U.S.C. § 2000e-5(e)(1) – Baston's verified responses to the Court's questionnaire reflect that he presented a charge of discrimination (asserting that he believed he had "been discriminated against because of race in violation of Title VII of the Civil Rights Act of 1964") to the Texas Workforce Commission, Civil Rights Division on September 21, 2016. *See* Dkt. No. 8 at 10 & 14. That charge also provides that the latest date that the alleged discrimination took place was on September 30, 2015. *See id.* at 14. The charge of discrimination was therefore filed some 357 days after the last occurrence of alleged discrimination.

**Legal Standards and Analysis**

A district court is required to screen a civil action filed *in forma pauperis* and may summarily dismiss that action if it concludes, for example, that the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *cf. Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (verified responses to interrogatories issued to "[t]o aid in the determination of whether an IFP complaint is frivolous," "become part of the plaintiff's pleadings" (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996))).

And, if "'it is clear from the face of a complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." *Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir.

2011) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)); *see also Meriwether v. ABC Training/Safety Council Tex. Gulf Coast Chapter*, No. 3:15-cv-862-N-BH, 2016 WL 8711726, at *2 (N.D. Tex. Oct. 24, 2016) ("Courts 'may raise the defense of limitations *sua sponte*,'" and, "'where "'it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" under 28 U.S.C. § 1915(e)(2)(B)." (citations and brackets omitted)), *rec. accepted*, 2016 WL 871279 (N.D. Tex. Nov. 18, 2016).

Title VII claims "may only be adjudicated in federal court if the plaintiff exhausted [ ] administrative remedies in a timely manner." *Brown v. Jimmons*, Civ. A. H-15-2108, 2016 WL 4570758, at *2 (S.D. Tex. Aug. 31, 2016) (citing 42 U.S.C. § 2000e-5(e)(1); *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 1994)). "[T]o exhaust administrative remedies" under Title VII, a plaintiff "must file a charge of discrimination with the EEOC within 180 days of the date of the alleged discrimination, or within 300 days of the alleged discrimination if he institutes his action with the appropriate state agency." *Owens v. Dallas Cty. Cmty. College Dist.*, No. 3:16-cv-3162-L, 2017 WL 3190727, at *2 (N.D. Tex. May 16, 2017) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996)), *rec. accepted*, 2017 WL 3172748 (N.D. Tex. July 26, 2017).

"The EEOC filing requirement functions as a statute of limitations rather than a jurisdictional prerequisite. It is a pre-condition to filing suit in district court, but it is not related to the subject matter jurisdiction of the court." *Rhodes v. Guiberson Oil*

*Tools Div.*, 927 F.2d 876, 878 (5th Cir. 1991) (internal quotations and citation omitted); *see also Webb v. Cardiothoracic Surgery Assoc. of N. Tex.*, 139 F.3d 532, 537 (5th Cir. 1998) ("Congress intended the limitations period contained in Section 2000e-5(e)(1) to act as a statute of limitations." (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-94 (1982)).

"Under Title VII" therefore "a discrimination claim not brought within 300 days of the alleged discriminatory act is time-barred" unless equitable tolling applies. *Lord v. Union Social Sector*, No. A-14-CV-235 SS, 2014 WL 1333250, at *3 (W.D. Tex. Apr. 1, 2014) (citations omitted), *rec. accepted*, 2014 WL 1761688 (W.D. Tex. Apr. 30, 2014). But "[e]quitable tolling applies to plaintiff's deadline for filing an EEOC charge only in extraordinary circumstances, such as where the parties have a pending case in the wrong forum, where plaintiff is unaware of the facts as a result of defendant's purposeful concealment, and where EEOC misleads plaintiff about the claim." *Deleon v. Gen. Insulation, Inc.*, 575 F. App'x 292, 293-94 (5th Cir. 2014) (per curiam) (citing *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (concluding that its precedent "leaves the door open to recognize other" bases for equitable tolling in this regard but recognizing that "[e]quitable tolling is to be applied 'sparingly'" and that "[t]he plaintiff has the burden to provide justification for" its application (citations omitted))).

Here, even if Baston benefits from the extended 300-day period because it seems that his charge was filed with a state agency, that charge was still filed more than 50 days too late. And Baston has neither alleged "any of the paradigmatic circumstances

that justify equitable tolling" nor provided other justifications. *Deleon*, 575 F. App'x at 294. However, because Baston is proceeding *pro se*, and because "[d]istrict courts typically allow a plaintiff at least one opportunity to amend [his] pleadings before dismissing a case unless it is apparent that the defects are incurable or that the plaintiff is unwilling or unable to amend [his] pleadings to avoid dismissal," *Owens*, 2017 WL 3190727, at *4 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)), Baston's complaint should be dismissed without prejudice to him filing – within a reasonable time to be set by the Court – an amended complaint to address the limitations issues set out in this recommendation, *cf. id.* (recommending that the plaintiff be afforded the opportunity to address "whether equitable tolling applies by filing an amended complaint" (citation omitted)).

**Recommendation**

The Court should dismiss this action as time-barred without prejudice to Plaintiff Brandon Baston's right to file an amended complaint within a reasonable amount of time asserting his right to equitable tolling.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 29, 2017

                                             DAVID L. HORAN
                                             UNITED STATES MAGISTRATE JUDGE