IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON BASTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2259-K-BN |
| | § | |
| PARKLAND HOSPITAL, | § | |
| | § | |
| Defendant. | § | |

**ORDER WITHDRAWING FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND ISSUING SECOND QUESTIONNAIRE TO PLAINTIFF**

This *pro se* employment-discrimination action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

On September 29, 2017, the undersigned issued findings of fact, conclusions of law, and a recommendation that the Court should dismiss this action without prejudice as time-barred but that the Court should allow Plaintiff Brandon Baston time to amend his complaint to assert his right to equitable tolling (the "FCR"). *See* Dkt. No. 9. That recommendation was based on Baston's verified responses to the Court's questionnaire in which he affirmed that he filed his charge of discrimination on September 21, 2016, outside the 300-day window for presenting claims of discrimination (that last took place on September 30, 2015) to the appropriate state agency. *See* Dkt. No. 8 at 5 & 10; *see also id.* at 14 (unsigned and undated charge of

-1-

discrimination attached to the verified questionnaire responses). As explained in the FCR, verified responses to interrogatories issued to "[t]o aid in the determination of whether an IFP complaint is frivolous ... become part of the plaintiff's pleadings." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)).

Baston has filed an objection to the FCR, asserting that he filed his charge on June 20, 2016 but also including a signed and dated discrimination charge reflecting a date of June 9, 2016 – either date would fall within the aforementioned 300-day window. *See* Dkt. No. 10 at 1 & 3. A plaintiff "cannot amend his complaint in an objection to a Magistrate Judge's recommendation," *Brown v. Potter*, No. 2:09-CV-613-WKW[WO], 2009 WL 4667043, at *1 (M.D. Ala. Dec. 2, 2009) (citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir.2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.")).

But, because Baston is proceeding *pro se*, the undersigned WITHDRAWS the FCR [Dkt. No. 9] and issues the following questionnaire.

Baston shall answer the following questions in the space provided for answers and may attach additional pages only if necessary. He shall verify the answers to these questions under penalty of perjury on the signature line at the conclusion of these questions and return the completed form to the undersigned United States magistrate judge no later than **October 31, 2017**. Failure to provide answers to all questions may result in the dismissal of the complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: October 10, 2017

                                                                        
_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

**QUESTION NO. 1:** When did you submit your claims to the Equal Employment Opportunity Commission ("EEOC") or the applicable state agency?

**ANSWER:**

**QUESTION NO. 2:** Explain to the Court why you previously provided two different dates as the date on which your submitted your claim to the EEOC or the applicable state agency.

**ANSWER:**

# VERIFICATION

| STATE OF TEXAS | § | |
|---|---|---|
| | § | No. 3:17-cv-2259-K-BN |
| COUNTY OF _____ | § | |

I understand that a false statement or answer to any interrogatories in this cause of action will subject me to penalties for perjury. I declare (or certify, verify or state) under penalty of perjury that the foregoing answers are true and correct (28 U.S.C. § 1746).

SIGNED on this _____ day of _____, 2017.

_____

Brandon Baston, Plaintiff