K

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2019 MAR -5 PM 2: 58

DEPUTY CLERK_____

Brandon Baston

Case Number: 3: 17 - cv – 02259 – K – BN

**The Courts Prima Facie of Guilt of Parkland Hospital**

**Plaintiffs Claim of Dishonesty/ Discrimination**

1.  **Parkland Hospital administration internal investigator Laura Haynie is guilty of the neglect of the Plaintiffs rights to file a complaint of Discrimination.**

    Plaintiff evidence: App. 076 Page 76 page ID 380

2.  **Parkland Hospital breached their Procedural Manual of Equal Employment Opportunity duties concerning the treatment of the Plaintiff Brandon Baston by not immediately following The Human resource Procedural Manual concerning discrimination [labeled complaints].**

    Plaintiff's evidence: Human Resource Procedural Manual App. 111 Page 111 page ID 415

3.  **Parkland Hospital Employee Relations Advisor prejudicially discriminated against the Plaintiff Brandon Baston by furnishing the termination process of Brandon Baston with false hearsay witness statements.**

    Plaintiff's evidence: Declaration of Laura Haynie statement 10, App. 143 Page 143 page ID 447

    Plaintiff's evidence:  Environmental Service Manager John Walls investigation statement App. 98 Page 98 page ID 402

4.  **Parkland Hospital administration assisted in the dishonesty of a Black American environmental service worker by confirming untrue testimony as facts and correct.**

    Plaintiff's evidence: Employee Relations Advisor Laura Haynie statement 1 App. 141 Page 141 Page ID 445.

5.  **Parkland Hospital demonstrated the allegation of Reprisal concerning a Black American environmental service worker, while collecting false testimony from Parkland Directors, Managers and Coworkers.**

    (5B) Plaintiff's evidence a of Racial Profiling environment: Supervisor Frank Escontrias (Police Report) of a "Suspicious Person" App. 66 Page. 66 page ID 370

    (5C) Plaintiff's supporting evidence complaint of a slanderous environment: Manager Leroy Garth "asking the Plaintiff Brandon Baston, where in the fuck have you been" (Ethics Complaint) App. 65 Page. 65 Page ID 369.

(5D) Plaintiff's underwritten evidence of a Harassing environment: Parkland Hospital Operational Director for Environmental Service Jason McCoy (Corrective action Reports) App. 128-129 Page 128-129 Page ID. 432-433.

6. **Parkland Hospital is lawfully liable and were knowledgeable that the testimony from the departmental files where not identical to testimonial files given to the Human Resource Department while under investigation.**

   Plaintiff's evidence of a prejudice environment: Bianca Romero's investigation statement to Human Resources Investigator Laura Haynie, statement 7, App. 142 Page 142 page ID 446.

   Plaintiff's evidence of Parkland's manager Partiality statement: App. 151 Page 151 page ID 456 Bianca Romero's written testimony statement given to the Environmental Service Department.

7. **Parkland hospital disdained the compliant by the plaintiff Brandon Baston, it allowed coworkers to mislead the termination process with bias intent to harm with false testimony such as "Creepy" and "Frightening".**

   Plaintiff's supporting evidence of (Director of Wish Clinic) Susan Lamb the nurses reporting of Brandon Baston: Exhibit 16-A App. 157 Page 157 page ID 461.

   Plaintiff's evidence of "Wish Clinic" nurse: Declaration of Katrina Young statement 6 App. 162 Page 162 page ID 466.

8. **Parkland hospital unlawfully disregarded their obligation to prevent the spread of discrimination outside of their internal investigation.**

   Plaintiff's evidence of untruthful testimony of the Environmental Service Operational Director: Texas Workforce Commission Appeal Tribunal Decision (Director of Operations for EVS Jason McCoy). [Firsthand Witness]. App. 136 Page 136 page ID 440.

   Plaintiff's evidence of dishonest hearsay (Jason McCoy): Internal Investigator Laura Haynie Statement 7, App. 142 Page 142 page ID 446.

9. **Parkland hospital negligently disserted public interest concerning the civil rights of the plaintiff while collecting false and subtle discriminatory testimonial evidence against the plaintiff Brandon Baston, whether intentional or unintentional is unlawful.**

   Plaintiff's evidence of a covert prejudice environment: Gabrielle Crockett testimony App. 159 Page 159 Page ID. 463 (Gabrielle's Crockett Fear).

   Plaintiff's supporting evidence concerning (Gabrielle Crockett's Fear): Testimony of Director Susan Lamb App. 157 Page. 157 Page ID 461.

10. **Parkland Hospital did not follow the Human Resource Procedural Manual concerning the frequent intimidation by fellow Colleagues by using the Parkland Police Department as a weapon to create a Hostile work environment for the Plaintiff Brandon Baston.**

    Plaintiff's evidence: Labeled Managing Unacceptable/ Disruptive Behavior by Colleagues. Section 4 App. 117 Page. 117 page ID 421.

    Plaintiff's supporting second contingency of evidence of intimidation by Parkland Hospital staffed colleagues: Katrina Young's testimony of the misuse of the Parkland hospital Police Department while carry out Environmental service Job Description Directives. Exhibit 16-B App. 158 Page 158 page ID 462.

    Plaintiff's additional evidence that colleagues infracted: The Human Resource Procedural Manual labeled Employee Standards/Expectation under Harassment/Retaliation statement 2, App. 113 Page 113 page ID 417.

11. **Parkland Hospital administration/ Environmental Service Department was dishonest to the courts about the Job Description and Primary functions of the Housekeeping Unit at Parkland Hospital.**

    Plaintiffs Evidence for all Environmental Service Tech 1: App. 105-110 Page. 105-110 page. ID 409-414.

### Plaintiff's Claim of Retaliation

12. **Parkland Hospital allowed the Environmental Service Department and Wish Clinic Mangers and Directors to retaliate with the act of termination based on the violations that were found in the Woman's / Wish Clinics.**

    Plaintiff's evidence: Plaintiff sent emails and pictures of possible cross contamination and improperly disposed urine, needle and uncontained blood in clear bags to the Environmental Service Director Raymond Robinson over the "Wish Clinic" on September 24, 2015. App. 76 Page 76 page ID 380.

    Plaintiff's additional evidence: App. 77-84 Page 77-84 Page ID. 381-388.

13. **Parkland Hospital purposely disregarded Brandon Bastons legal right to file a complaint of discrimination against his predecessors and in the process the administration furnished and facilitated in lies to suppress the evidence that did not underpin the claim of having disruptive behavior from which the Plaintiff was terminated, this makes the Board of Parkland Hospital legally liable by reinforcing and not interceding hearsay testimony before termination.**

Plaintiff evidence of termination: Director of Environmental Service "Corrective Action report" Alan Williams App. 172 Page 172 page ID 476.

Plaintiff's evidence: App. 91 Page 91 Page ID 395 Nurse Gabrielle Crockett's testimony of the occurrence of event on 9/21/2015 and 9/22/2015.

**Circumstantial evidence of Racial Discrimination.**

14. **Firsthand circumstantial evidence proves that Katrina Young never encountered the Plaintiff Brandon Baston On 9/21/2015.**

    Plaintiff's evidence: App. 162 page 162 Page ID 464.

15. **Firsthand circumstantial evidence suggest that Gabrielle Crockett never had an encounter specifically with the Plaintiff Brandon Baston on 9/21/ 2015.**

    Plaintiff's evidence: App. 159 page 159 Page ID 463

16. **Circumstantial evidence proves that Bianca Romero made Prejudice claims and that she was not present during the "Wish" clinic incident on 9/21/2015.**

    Plaintiff's evidence: Declaration of Susan Lamb statement 4 App. 154 Page 154 Page ID 458

17. **Circumstantial evidence proves that Bianca Romero made prejudice remarks about the plaintiff during Laura Haynie's investigation.**

    Plaintiffs evidence: Declaration of Laura Haynie question 7 App. 142 Page 142 Page ID 446.

18. **Circumstantial evidence proves that Bianca Romero intentionally fabricated to show prejudice against the Plaintiff Brandon Baston by entering Dameyon Evans as an "Eye witness" to the "Wish" clinic incident.**

    Plaintiff's evidence: App 151 Page 151 Page ID 455

19. **Circumstantial evidence proves that Dameyon Evans did not observe the plaintiff in the vicinity of the "Wish" clinic.**

    Plaintiff's evidence: App. 146 Page 146 Page ID 450

20. **Circumstantial evidence proves that Susan Lamb after meeting with Bianca Romeo intentionally made a fraudulent claim that the nursing staff reported Brandon Baston making a disturbance and frightening staff in the "Wish" clinic.**

    Plaintiff's evidence: Exhibit 16-A App. 157 Page 157 Page 461.

21. Circumstantial evidence proves the Employee Relations Advisor Laura Haynie knew that Susan Lamb and Bianca Romero's statements were bias and highly prejudicial during the Termination process of an unidentified Black environmental service worker at Parkland Hospital.

    Plaintiff's evidence: Declaration of Susan Lamb statement 15 App. 144 Page 144 Page ID 448.

22. Circumstantial evidence will prove that in Laura Haynie's internal investigation process of collecting testimony between September 22, 2015 thru September 30, 2015, that she deliberately furnished and facilitated with prejudice untrue statements from multiple departments within Parkland Hospital that discriminated the termination files of an unidentified Black environmental service worker.

    Plaintiff's evidence: Declaration of Employee Relations Advisor Laura Haynie App. 141-145 Page 141-145 Page ID 455- 449.

23. Circumstantial evidence proves that Operational Environmental Service Jason McCoy prevaricated to the Appeal Tribunal Texas Workforce Commission by perjuring himself by consciously entering false "First hand witness" statements.

    Plaintiff's evidence: App. 135-137 Page 135-137 Page ID 439-441.

Brandon Baston
Case number 3:17-cv-02259-K-BN

### Plaintiff's Summation of Discrimination

Based on the circumstantial evidence the plaintiff ask the courts for the punitive damage of 999,999.9 in the case of racial discrimination between Brandon Baston verses Parkland Hospital. Nurses Katrina Young and Gabrielle Crockett are not the nurses that the Plaintiff Brandon Baston came in contact with on September 21, 2015. Because of the lack of identification and false witness testimony of the defense, the courts can confidently draw the conclusion that this case is based off the racial discrimination of a description that Parkland Hospital terminated a Black unidentified employee.

Because the Plaintiff was terminated based off of a description, false testimony and a lack of firsthand eye witness identification statements, the courts can confidently rule that the defense for Parkland Hospital intends to funnel fabricated "eye witness" testimony to plead their case by using the plaintiff's testimony to identify the predecessors associated in the case of racial discrimination. The courts in confidence will find the strategy of the defense tedious and highly prejudicial against the claim of racial discrimination, because the circumstantial evidence proves that the Plaintiff Brandon Baston was terminated from Parkland Hospital for not his character but by his description, which validates race and color. Parkland Hospital should be found guilty for the neglect of a Black American and held accountable for the racial intimidation of his former colleagues.